**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| MINI KATIYO, *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS CREDIT MANAGEMENT, LLC, and GREP TEXAS, LLC, d/b/a ELON DENTON, <br><br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, MINI KATIYO ("Ms. Katiyo"), on behalf of herself and all others similarly situated consumers, sues Defendants, COLUMBIA DEBT RECOVERY, LLC d/b/a Genesis Credit Management, LLC ("Columbia") and GREP TEXAS, LLC, doing business as "Elon Denton" ("GREP"),  alleges as follows:

**NATURE OF THE CASE**

1.      This is a consumer class action brought under the Fair Debt Collection Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code §392.001, *et seq*. ("TDCA").

2.      Defendants violated the law by seeking to collect so-called insufficient funds fees ("NSF") fees in excess of $30.00 per transaction from Plaintiff and other persons similarly situated. Texas law limits such NSF fees to $30.00 per transaction. Tex. Bus. & Comm. Code § 3.506. Plaintiff asserts class claims for the NSF fee violations.  Defendants further violated the law by

seeking to collect interest at a rate of 6% per year on the excessive portion of the NSF fees (i.e., seeking interest on all amounts in excess of $30 per NSF transaction).

3.    In addition to Defendants' wrongful attempt to collect excessive NSF fees ($75 each in Plaintiff's case), Defendants separately sought to collect a debt from Defendant that she did not owe at all related to her application to reside at Elan Denton apartments which was denied. Plaintiff asserts individual claims for these violations.

## PARTIES

4.    Ms. Katiyo is a natural person who resides in Denton County, Texas and is a "consumer" as defined by 15 U.S.C. § 1692a (3).

5.    Columbia is a foreign limited liability company and a debt collector under the FDCPA and may be served through its registered agent, to-wit: Corporation Service Company d/b/a/ CSC-Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.

6.    GREP is a Texas limited liability company and may be served through its registered agent, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION & VENUE

7.    The Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

8.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant is registered to do business in this Division and District. Venue is also proper under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

### A.   Ms. Katiyo's Application for Housing with GREP

9.      In May 2022, Ms. Katiyo applied for an apartment at the Elan Denton apartment complex located in Denton, Texas where she planned to live with her son.

10.     The apartment complex was owned and/or managed by GREP.

11.     As part of the application process, GREP charged Ms. Katiyo and her son each an "Application Fee" of $75.00 ("Application Fee").  GREP further charged Ms. Katiyo a separate "Administrative Fee" of $150.00 ("Administrative Fee").

12.     At the time of application, GREP notified Ms. Katiyo that "[i]f your application is denied, the application fee and administrative fee will be refunded."

13.     GREP thereafter requested and obtained Ms. Katiyo's consumer report from ResidentVerify, a consumer reporting agency, in relation to the application.

14.     ResidentVerify thereafter sent Ms. Katiyo an "Applicant Adverse Action Letter" advising her that there was an adverse action on her application for the apartment.

15.     When Ms. Katiyo inquired about the adverse action with GREP, GREP advised that Ms. Katiyo she was denied for the original monthly rent and terms she applied for but that Ms. Katiyo could rent an apartment to her for fifty percent more each month than she had applied for. Ms. Katiyo could not afford fifty percent more, so she decided to find housing elsewhere for herself and her son.

16.     When she was denied the apartment with GREP, Ms. Katiyo stopped payment on the checks she had written to GREP for the Administrative Fee and the Application Fees.  Because she was denied the terms for which she applied, she did not owe GREP any amounts at all.

### B.  Retention of Columbia to Collect Bogus NSF Fees

17.    Columbia is referred to in the debt collection industry as a "niche" or "industry-specific" collector. In particular, Columbia specializes in multi-family and student housing rent collections for parties such as GREP. Accordingly, Columbia is knowledgeable concerning *inter alia* the ability of residential landlords such as GREP to collect monies for "NSF fees" under Texas law.

18.    On or about November 7, 2023, GREP retained Columbia to collect unlawful NSF fees.

19.    Subsequently, in December 2023, Columbia on behalf of and at the direction of GREP contacted Ms. Katiyo in an effort to collect a debt in the amount of $604.44 from Ms. Katiyo and allegedly owed to GREP in relation to her application with GREP. This amount included interest charged on an alleged $600 debt at a rate of 6% per year.

20.    When Ms. Katiyo Plaintiff disputed the debt with Columbia and asked for proof of same, Columbia provided Ms. Katiyo with the statement from GREP, attached hereto as Exhibit A, and an current account balance, attached hereto as Exhibit "B," showing the breakdown Defendants sought to collect from Plaintiff as (i) four NSF fees of $75 each, (ii) two Application Fees of $75 each, and (iii) an Administration Fee of $150, with interest accruing on the entire balance.

21.    Ms. Katiyo did not owe these amounts because GREP had denied her application for the apartment on the terms she sought.

22.    Defendants violated the FDCPA and/or the TDCA by seeking to collect the above amounts from Plaintiff that she did not owe.  Specifically, Plaintiff did not owe any of the alleged debt because her application had been denied.

23. Defendants additionally violated the FDCPA and/or the TDCA by seeking to collect (i) NSF fees in excess of $30 per fee in violation of Texas law and (ii) interest on the excessive portions of the NSF fees.

24. Defendants additionally violated the FDCPA and/or TDCA by seeking to collect more than a single NSF fee for a single check (in this case, submitting the check four times in a single day).

## CLASS ACTION ALLEGATIONS

25. **Definitions of Proposed Classes**. Plaintiff brings claims against Defendants pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the following Classes:

### FDCPA Classes (As to Columbia)

#### FDCPA Statutory Damage Subclass

All consumers in the State of Texas from whom Columbia sought to collect an NSF fee in excess of $30.00 per transaction within one year prior to the filing of this case and continuing through trial.

#### FDCPA Actual Damage Subclass

All consumers in the State of Texas from whom Columbia sought to collect interest on the portion of any NSF fee in excess of $30.00 per transaction within one year prior to the filing of this case and continuing through trial.

### TDCA Classes (As to Both Defendants)

#### TDCPA Statutory Damage Subclass

All consumers in the State of Texas from whom Defendants sought to collect an NSF fee in excess of $30.00 per transaction within four years prior to the filing of this case and continuing through trial; and

#### TDCPA Actual Damage Subclass

All consumers in the State of Texas from whom Defendants sought to collect interest on the portion of any NSF fee in excess of $30.00 per transaction within four years prior to the filing of this case and continuing through trial

26.    Plaintiff reserves the right to amend the class definitions based on discovery or legal developments.

27.    **Numerosity. FED. R. CIV. P. 23(a)(1).** The class members are so numerous that their joinder is impractical. Upon information and belief, discovery will demonstrate that Defendants sought to collect NSF fees in excess of $30.00, and interest on the excessive amounts, from hundreds, if not thousands, of Texas consumers during the relevant time period.

28.    **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all class members and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

a.    Whether Defendants debt collectors under the FDCPA and/or TDCA;

b.    Whether Texas law limits NSF Fees to $30.00;

c.    Whether Defendants violate the FDCPA and/or TDCA by seeking to collect more than $30.00 per NSF fee from Plaintiff and the members of the Class, and,

d.    Whether Defendants violate the FDCPA and/or TDCA by seeking to collect interest on the portions of NSF fees in excess of $30.00.

29.    **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of the Class Members she seeks to represent. Plaintiff has the same claims as class members, arising out of Defendant's common course of conduct and from the same operative facts, and are based on the same legal theories. Plaintiff, as every putative class member, alleges violations of the same FDCPA provisions regarding the Class she seeks to represent. Plaintiff's claims challenge the Defendants' procedures for charging in excess of a specific amount for an NSF fee, and charged interest on the excessive amounts, in Texas and do not depend on any individualized facts.

Defendants' notice and knowledge of law in Texas related to collecting NSF fees is the same for Plaintiff as for the putative class members.

30.    **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class. Her interests are aligned with and are not antagonistic to, the interests of Class Members she seeks to represent. Plaintiff has retained counsel competent and experienced in class-action and consumer litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the Class Members' interests.

31.    **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of this controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the Class Members to effectively redress the wrongs done to them on an individual basis. Even if the Class Members could afford individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expenses to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class-action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

<u>**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION
PRACTICES ACT, 15 U.S.C. §1692, ET SEQ.**</u>
***(As to Columbia Only)***

7

32.     Plaintiff, on behalf of herself and all others similarly situated, realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

33.     At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

34.     At all times material hereto, the NSF fees of Plaintiff and the Class Members were a "debt" as said term is defined under 15 U.S.C. §1692a (5).

35.     At all times material hereto, Columbia was a "debt collector" as said term is defined under 15 U.S.C. §1692a (6).

36.     As a result of the above-described acts in attempting to collect impermissible NSF fees in contravention of Texas law, Columbia has violated the FDCPA in the following respects:

(a)     by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

(b)     by engaging in any false, deceptive or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e;

(c)     by making a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(d)     by using any false representation to collect or attempt to collect any debt in contravention of 15 U.S.C. §1692e(10);

(e)     by using unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f; and

(f)     by the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation), unless such amount is expressly

authorized by the agreement creating the debt or permitted by law in contravention of 15 U.S.C. §1692f(1).

37.    As a direct and proximate result of the conduct of Columbia, Plaintiff and the Class are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

38.    Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## <u>COUNT II – VIOLATION OF THE TEXAS DEBT COLLECTION ACT, THE TEXAS DEBT COLLECTION ACT, TEX. FIN. CODE §392.001, *ET SEQ.*</u>
### *(As to Both Defendants)*

39.    Plaintiff, on behalf of herself and all others similarly situated, realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

40.    At all times material hereto, Plaintiff and the Class Members were "consumers" as said terms is defined under Tex. Fin. Code §392.001(2).

41.    At all times material hereto, Defendants were "debt collectors" as said term is defined under Tex. Fin. Code §392.001(5).

42.    At all times material hereto, the NSF fees of Plaintiff and the Class Members were a "consumer debt" as said term is defined under Tex. Fin. Code §392.001(2).

43.    As more particularly described above, in the process of "debt collection," Defendants violated the Texas Debt Collection Act as follows:

(a)    by collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer in violation of Tex. Fin. Code §392.303(2);

(b)  by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding in violation of Tex. Fin. Code §392.304(8);

(c)  representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges in violation of Tex. Fin. Code §392.304(12), and

(d)  by using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer in violation of Tex. Fin. Code §392.304 (19).

44.    As a direct and proximate result of Defendants' violation of the TDCA, Plaintiff and the Class have been harmed. Plaintiffs and the Class are entitled to actual and statutory damages together with attorney fees pursuant to Tex. Fin. Code §392.403.

45.    In addition, Plaintiff and the Class seek a permanent injunction prohibiting Defendants from collecting impermissible NSF fees proscribed by Texas law pursuant to Tex. Fin. Code §392.403(a)(1).

**COUNT III – ACTION FOR UNJUST ENRICHMENT**
*(As to Both Defendants)*

46.    Plaintiff, on behalf of herself and all others similarly situated, realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

47.    As a direct and proximate result of the above-described acts, Defendants have been unjustly enriched through the collection of impermissible NSF fees proscribed under Texas law.

48.    All monies collected by Defendants from Plaintiff and all other persons similarly situated should be disgorged as a result of the misconduct of Defendants.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class request the following relief:

a.      An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record as Class Counsel;

b.      An award of actual and statutory damages for Plaintiff and the Classes;

c.      An award of attorney's fees and costs; and

d.      Such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a jury trial.

This 6th day of November 2024.

Respectfully submitted,

*/s/Robert W. Murphy*
Robert W. Murphy
Florida Bar No. 717223
**LAW OFFICE OF ROBERT W. MURPHY**
440 Premier Circle, Suite 240
Charlottesville, VA 22901
T: (434) 328-3100
F: (434) 328-3101
*rwmurphy@lawfirmmurphy.com*

**LOVE CONSUMER LAW**

*/s/John A. Love*
John A. Love, Esq.
Love Consumer Law
2500 Northwinds Parkway
Suite 330
Alpharetta, Georgia 30009
(404) 855-3600
*tlove@loveconsumerlaw.com*

*Counsel for Plaintiff*

11