UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MINI KATIYO, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br> v.<br><br>COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS CREDIT MANAGEMENT, LLC, and GREP TEXAS, LLC d/b/a ELON DENTON,<br><br>    Defendants. | Civil Action No. 4:24-cv-00991-SDJ |

**DEFENDANT COLUMBIA DEBT RECOVERY, LLC'S ANSWER TO COMPLAINT**

Defendant COLUMBIA DEBT RECOVERY, LLC ("Defendant") hereby answers the Complaint of Plaintiff MINI KATIYO ("Plaintiff") as follows:

**NATURE OF THE CASE**

1. Defendant admits that Plaintiff has brought a putative class action under the FDCPA and TDCA. Defendant denies that the action has merit and further denies that class action treatment is warranted.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

**PARTIES**

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, which also constitute legal conclusions.

5. Defendant admits that it is a limited liability company and that Corporation Service Company is its agent for service. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of the Complaint, which also constitute legal conclusions.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

## JURISDICTION & VENUE

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, which also constitute legal conclusions.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, which also constitute legal conclusions.

## FACTUAL ALLEGATIONS

9. Upon information and belief, Defendant admits that Plaintiff applied for an apartment lease. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11. Defendant admits only that Plaintiff was charged certain fees. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendant denies that Plaintiff did not owe any amounts at all. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendant admits only that a debt was referred to Defendant for collection on or about November 7, 2023. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant admits only that it contacted Plaintiff in December 2023. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits that it communicated with Plaintiff regarding the debt at issue herein. Defendant alleges that the communications speak for themselves, and denies the allegations in Paragraph 20 of the Complaint to the extent they are inconsistent with said communications.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

## CLASS ACTION ALLEGATIONS

25. Defendant admits that Plaintiff has brought claims against Defendant on behalf of putative classes. Defendant denies that Plaintiff's claims have merit, denies that class action treatment is warranted, and denies any further allegations in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

## COUNT I—FDCPA

32. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, which also constitute legal conclusions.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, which also constitute legal conclusions.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, which also constitute legal conclusions.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

## COUNT II—TDCA

39. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint, which also constitute legal conclusions.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint, which also constitute legal conclusions.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint, which also constitute legal conclusions.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies that Plaintiff and the putative class members are entitled to the relief requested in Paragraph 45 of the Complaint.

## COUNT III—UNJUST ENRICHMENT

46. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

49. Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief or elsewhere in the Complaint.

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

50. Defendant admits that Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute or statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the damages alleged in Plaintiff's Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or other persons, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct and/or the conduct of other persons contributed to the cause of said alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent she lacks standing and/or jurisdiction to assert them.

### SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that some or all of Plaintiff's state law claims are, or may be, preempted by federal law.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed, arguendo, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

### TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

### RESERVATION OF RIGHTS

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for a Judgment in its favor and/or that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.

Respectfully submitted,

LAW OFFICES OF KEITH WIER, PLLC

_s/Keith Wier_
Keith Wier
SBN: 21436100
15150 Preston Road, Suite 300
Dallas, TX 75248
Email: kwier@keithwierlaw.com
Phone: (214) 540-6690
Attorney for Defendant Columbia Debt Recovery, LLC